UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

VINCENT OGIAMIEN                                             PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-cv-767-DPJ-ASH

OFFICER UNKNOWN ACEY, et al.                          DEFENDANTS

REPORT AND RECOMMENDATION

This matter is before the Court on pro se Plaintiff Vincent Ogiamien's Motion to Amend his Complaint [3]. Ogiamien seeks to add Mississippi Department of Corrections ("MDOC") as a defendant. Pl.'s Mot. [3] at 1. Ogiamien filed an Amended Complaint [15] on March 25, 2025. Having considered this matter, the undersigned recommends that Plaintiff's motion to add MDOC as a defendant be denied.[1]

I.      BACKGROUND

Plaintiff filed this conditions-of-confinement complaint under 42 U.S.C. § 1983. Compl. [1] at 3. He names Officer Unknown Acey, Christopher Dykes, and John Hunt as defendants. *Id*. at 2; Am. Compl. [15] at 2. Plaintiff is proceeding in forma pauperis, *see* Order [11], and his Complaint is subject to screening under the Prison Litigation Reform Act ("PLRA").

---

[1] A magistrate judge may properly consider a non-dispositive motion by order rather than by report and recommendation. *See Simonton v. Hous. Methodist Continuing Care Hosp.*, No. 4:23-CV-02184, 2025 WL 1747023, at *1 n.1 (S.D. Tex. June 9, 2025), *report and recommendation adopted*, No. CV H-23-2184, 2025 WL 1745129 (S.D. Tex. June 24, 2025). But some authorities have suggested the denial of a motion to amend as futile could be dispositive. *See H.R. by & through Robinson v. Double J. Logistics, LLC*, No. 3:16-CV-55-TSL-RHW, 2017 WL 4158853, at *4 (S.D. Miss. Sept. 19, 2017). Thus, out of an abundance of caution, the undersigned addresses the motion to amend by report and recommendation.

II.     ANALYSIS

Rule 15(a)(1) provides that "[a] party may amend its pleading once . . . ." A court "should be 'freely given when justice so requires.'" *Layton v. McClain*, No. 5:21-CV-122-M-BQ, 2023 WL 9687055, at *1 (N.D. Tex. Sept. 1, 2023) (citations omitted). The language of Rule 15(a) "evinces a bias in favor of granting leave to amend." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citations omitted). "Although leave to amend under Rule 15(a) is to be freely given, that generous standard is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). The decision to grant or deny a motion to amend "is within the sound discretion of the district court." *Singleton v. Harris Cnty., Tex.*, 752 F. Supp. 3d 672, 677 (S.D. Tex. 2024) (citations omitted).

The denial of leave to amend is allowed when there is a "substantial reason to do so." *Jacobsen v. Osbourne*, 133 F.3d 315, 318 (5th Cir. 1998) (citation omitted). Whether a "substantial reason" to deny leave to amend exists, the Court is required to "consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies despite prior opportunity to amend; (4) undue prejudice to the non-moving party; and (5) the futility of any amendment." *Layton*, 2023 WL 9687055, at *2 (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

Ogiamien's Motion [3] explains that Defendant Acey "was an employee of the Mississippi Department of Corrections." Pl.'s Mot. [3] at 1. He further says that the assault and denial of medical care occurred at MDOC and that MDOC "has an obligation to protect inmates that are confined in M.D.O.C." *Id*.

Neither the State of Mississippi nor its agencies are "amenable to suit under 42 U.S.C. § 1983 because they are not considered 'persons' within the meaning of the statute." *Scott v. Miss. Dep't of Corrs.*, No. 2:05-CV-2159-KS-JMR, 2006 WL 1666258, at *2 (S.D. Miss. June 12, 2006) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). MDOC was established under statutory authority as an arm of the state and thus is not considered a "person" under § 1983. *See* Miss. Code Ann. § 47-5-1. Because Plaintiff cannot maintain this civil action against MDOC, his amendment is futile. *See Drake v. MS Dep't of Corr.*, No. 4:24-cv-41-DAS, 2024 WL 2852211, at *2 (N.D. Miss. June 5, 2024) (dismissing MDOC because it is not a proper defendant under § 1983).

Additionally, to the extent Plaintiff may be asserting a claim based on respondeat superior, that claim also fails. A governmental entity cannot be held vicariously liable under a theory of respondeat superior in § 1983 civil action. *See Grabowski v. Jackson Cnty. Pub. Defs. Off.*, 79 F.3d 478, 479 (5th Cir. 1996) ("The familiar doctrine of respondeat superior has no application in a section 1983 action against a governmental unit based on the wrongful acts of its employees." (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978))).

Because Ogiamien cannot maintain this § 1983 case against the Mississippi Department of Corrections, his Motion to Amend [3] is futile and the undersigned recommends that his Motion to Amend [3] be denied.

III.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's Motion to Amend [3] to add MDOC as a defendant be denied.

IV.    NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy[2] to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

RESPECTFULLY SUBMITTED, this the 21st day of August, 2025.

    *s/ Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).